## THE JARLEN.[1]

### TEBO v. THE JARLEN.

*(District Court, E. D. New York. July 21, 1890.)*

ADMIRALTY—SALVAGE.
   The bark J. had passed through a storm, had lost some of her spars, and was leaking. When off Barnegat, under sail, and undoubtedly able to sail to New York without assistance, she was taken in tow by a tug and brought to New York over a smooth sea, the service occupying from 9½ A. M. to 6 P. M., and involving no risk or extra labor to the tug. The bark and her cargo was worth $20,500; the tug, $25,000. *Held*, that $400 was sufficient salvage.

In Admiralty.   Action for salvage.
*Goodrich, Deady & Goodrich*, for libelant.
*Butler, Stillman & Hubbard*, for claimants.

BENEDICT, J.   This is an action to recover for salvage service alleged to have been rendered by the tug B. S. Haviland to the bark Jarlen on the 14th of September, 1889.   The service consisted in towing the bark from Barnegat to New York in a smooth sea; the time occupying from 9½ A. M. to 6 P. M., and involving no risk or extra labor on the part of the tug.   The value of the bark and her cargo was $20,500; the value of the tug, $25,000.   The libelants desire a decree for 25 per cent. of the value of the bark and cargo.   The claimants claim that the value of the service rendered did not exceed $100, but have tendered $400, and paid the sum into court.   This difference between the respective parties arises out of the difference in their estimate of the danger in which the bark was when taken hold of by the tug.   The evidence has satisfied me that the danger to which the bark was exposed was very slight.   She had been in peril during a hurricane, had been leaking, and had lost her foretop-mast, foretop-gallant-mast and jib-boom; but she had passed through her peril.   When taken hold of by the tug, she was sailing along under maintop-gallant-sail, main-upper-top-sail, main-lower-top-sail, mainsail, maintop-mast-stay-sail, foresail, and jib.   She was not leaking to any considerable extent, and was undoubtedly able to sail to New York without assistance.   The contention of the libelant that she had signals of distress flying, that the wind was blowing strong, and a dense fog prevailing, is not borne out by the evidence.   Her cargo of lumber had shifted, and she had a list, but not so great as to prevent her working without difficulty.   The omission to call the American pilot, who was taken on board after the tug had hold of the bark, is commented on by the libelants.   But the omission, in a case like this, tells as much against the libelant, upon whom is the burden of proof, as it does against the claimant.   In my opinion the $400 tendered by the claimants was sufficient.   The libelants may have a decree for $400, with costs up to the time of the tender.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.